IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO.: 2:21-cr-00154-BHH |
| | ) |
| v. | ) |
| | ) |
| SAMER REFAAT SELWANES | ) |

**PRELIMINARY ORDER OF FORFEITURE AS TO
SAMER REFAAT SELWANES**

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Samer Refaat Selwanes ("Selwanes", "Defendant"), based upon the following:

1. On April 6, 2021, an Indictment was filed charging Selwanes with:

    Count 1:   Production of child pornography, in violation of 18 U.S.C. § 2251(a);

    Count 2:   Use of Interstate Commerce Facility to Entice Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b);

    Count 3:   Receipt of child pornography, in violation of 18 U.S.C. § 2252A, and;

    Count 4:   Possession of child pornography, in violation of 18 U.S.C. § 2252A.

2. Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Selwanes' conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States. As specified therein, such assets include, but are not limited to the following:

(1) any visual depiction described in section 2251, 2251 A, 2252, or 2252A of chapter 110 of the United States Code, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of chapter 110 of the United States Code;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense[1]; and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense, including but not limited to, the following:

　　A. iPhone 11, model A2111, S/N DNQZNM5ZN72J

　　B. iPad Air 2, model A1566, S/N DLXNKGSUG5VT

3.　　On September 23, 2022, Selwanes pled guilty to the use of interstate commerce facility to entice minor to engage in sexual activity charge and pursuant to a written plea agreement, agreed to forfeiture.

4.　　Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 2428 and 28 U.S.C. § 2461(c).

5.　　The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Selwanes has been convicted; therefore, the United States is entitled to a preliminary

---

[1] The government is pursuing a forfeiture judgment against the Defendant. The total amount of a forfeiture judgment has not been calculated at this time. Pursuant to Rule 32.2(b)(2)(C) and (e)(1), this order will be amended when the specific amount of the money judgment has been determined by the court.

order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1. The below-described property, and all rights, title, and interest of Defendant, Samer Refaat Selwanes, in and to such property, is hereby forfeited to the United States of America, for disposition in accordance with law, subject to the rights of third parties in such property under 21 U.S.C. § 853(n):

   A. iPhone 11, model A2111, S/N DNQZNM5ZN72J

   B. iPad Air 2, model A1566, S/N DLXNKGSUG5VT

2. FORFEITURE IS ORDERED against Samer Refaat Selwanes and in favor of the United States for an undetermined amount, along with appropriate costs and interest thereon at the rate provided for in 28 U.S.C. § 1961 as of the date of entry of judgment until paid in full. The United States may at any time move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property to satisfy the forfeiture judgment.

3. The United States may sell or otherwise dispose of any substitute assets in accordance with law as required to satisfy the above imposed forfeiture judgment.

4. Upon entry of this Order, the United States Attorney is authorized to conduct proper discovery in identifying, locating, or disposing of the described property, or other substitute assets, in accordance with Fed. R. Crim. P. 32.2(b)(3); and to commence proceedings that comply with statutes governing third party rights, if applicable.

5. The government is not required to publish notice regarding the forfeiture judgment against Defendant; however, the Order shall be recorded in the records of the County Clerk's Office in the County of the debtor's residence, place of business, and any and all other counties in which the debtor has either real or personal property, as a lien thereon.

6. The United States shall publish notice of this Order and its intent to dispose of the personal property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

7. Upon entry of this Order, the United States or its designee is authorized to seize the above-described property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

8. Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

9. Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the property following the court's determination of all third-party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third-party petitions.

12. The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

13. Upon entry of the criminal judgment, this Order becomes final as to Defendant and shall be made a part of the sentence and included in the criminal judgment.

14. The Clerk, United States District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

                                               s/ Bruce Howe Hendricks
                                               BRUCE HOWE HENDRICKS
                                               UNITED STATES DISTRICT JUDGE

 September 29 , 2022
Charleston, South Carolina